# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| DAVID W. NAIL, | ) |
| Petitioner, | ) ) ) |
| vs. | ) Cause No. 1:07-CV-267 JVB ) |
| STEVE CATER, Indiana Attorney General, | ) ) ) |
| Respondent. | ) ) |

## OPINION AND ORDER

David Nail, a prisoner confined at the Westville Correctional Facility, filed a *pro se* petition entitled "Notice of Constitutional Question." He subsequently filed a motion for declaratory judgment and a motion to amend. The court denied Nail *in forma pauperis* status because he has accumulated three strikes within the meaning of 28 U.S.C. § 1915(g), and he paid the filing fee. Nail then requested to withdraw the petition and receive a refund on the filing fee, but finally advised the court that he wished to proceed with this action. The court granted his request to proceed with this case.

Nail filed a motion to amend his petition "by the attached and incorporated addendum of #1." (DE 24). But the petitioner's submissions do not include an attached addendum. Accordingly, the court will deny the petitioner's motion for leave to amend.

Pursuant to 28 U.S.C. § 1915A(a), the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply

the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

The petitioner is a state prisoner serving a sentence on a conviction of stalking. His Notice of Constitutional Question

> Challenges the Constitutional application of the Indiana State Statute of I.C. 35-45-10-3's 'Impermissible Contact' as a vague and ambiguous statute created and implemented by the State of Indiana in violation of the Petitioner's 14th Amendment rights of the United States Constitution and Indiana Constitution."

(Petition at 1.) He asserts that the statute is "vague and ambiguous in it[s] semantics and grammatical structure." (*Id.* at 5.) Finally, he challenges the use of the term "victims" in that statute as "vague and ambiguous prima facie" (*Id.* at p. 5.) In his petition, Nail seeks injunctive relief ordering State officials to stop charging persons with "stalking . . . unless the charge specifically states and qualifies the acts performed that constitute following or pursuing." (*Id.*) He has also filed a motion for declaratory judgment seeking to severely limit the grounds on which criminal stalking charges can be brought in Indiana.

The petitioner asks this court to enter injunctive and declaratory relief that the language contained in an Indiana statute violates Indiana's Constitution. But this court may not entertain Nail's request that it grant injunctive relief on the basis of the Indiana Constitution because the Eleventh Amendment precludes this court from granting the plaintiff injunctive relief on state law claims. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984).

> A federal court's grant of relief against state officials on the basis of state law, . . . does not vindicate the supreme authority of federal law. On the contrary, it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law. Such a result conflicts directly with the principles of federalism that underlie the Eleventh Amendment.

*Halderman*, 465 U.S. at 106. To require Indiana officials to conform their conduct to Indiana's constitution or laws, Nail must look to his state court remedies.

Moreover, under the federal system, federal courts do not interpret state constitutions, though they may apply settled interpretations of a state constitution established by state courts. As a matter of comity, whether the acts in question violate Indiana's Constitution are best left to the province of Indiana's state court judges." *Linnemeier v. Ind. Univ.–Purdue Univ. Fort Wayne*, 155 F. Supp. 2d 1044, 1056 (N.D. Ind. 2001). The Indiana Supreme Court has not addressed the question of whether Indiana's stalking statue is unconstitutionally vague. The Indiana Court of Appeals has reviewed the question of whether Indiana's stalking statutes are vague under either the United States Constitution's Fourteenth Amendment's due process clause or Article 1, Sections 9 and 31 of Indiana's Constitution, and found that Indiana's "stalking statutes are . . . not void for vagueness." *Johnson v. State*, 648 N.E.2d 666, 670 (Ind. Ct. App. 1995). Accordingly, this court will dismiss the petitioner's injunctive and declaratory relief claims arising under the Indiana Constitution without prejudice to his right to bring them in state court.

The petitioner also asks this court to declare Indiana's stalking statute void for vagueness under the Fourteenth Amendment's due process clause. Nail is a prisoner serving a sentence arising out of a conviction based on the statute he seeks to challenge. But *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994), provides that if the remedy sought by a prisoner would require a finding or judgment that would render a conviction or sentence invalid, the plaintiff must first "prove that the conviction was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a

federal court's issuance of a writ of habeas corpus." *Id.* at 486-487. To conclude that the Indiana stalking statute under which the petitioner has been convicted is void for vagueness would require a finding or judgment that undermines his criminal conviction. Accordingly, the court must dismiss this claim pursuant to *Heck v. Humphrey.*

Even though the petitioner may not bring his federal constitutional challenge to Indiana's stalking statute in this case, it does not mean that he has no avenue by which he may challenge the constitutionality of the statute. A prisoner may challenge the constitutionality of the statute under which he is convicted in a state court direct appeal or petition for post-conviction relief. *Johnson*, 648 N.E.2d 666 (challenge of Indiana's stalking statute under the federal and state constitutions in the context of a direct appeal of an Indiana prisoner's criminal conviction).

Nail also has an available federal court remedy to challenge the constitutionality of Indiana's stalking statute without running afoul of *Heck* because *Heck* does not preclude a prisoner from challenging the constitutionality of the criminal statute he stands convicted of as void for vagueness in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Indeed, *Heck* expects that such challenges to criminal statutes under which the petitioner stands convicted will be presented in petitions for writ of habeas corpus. "Habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. at 481, citing *Preiser v. Rodriguez*, 411 U.S. 475, 488–490 (1973); *see also Staley v. Jones*, 239 F.3d 769 (6th Cir. 2001) (prisoner convicted of aggravated stalking and being a habitual offender filed a petition for writ of habeas corpus challenging his conviction).

Prisoners may challenge their convictions in federal court, including presenting constitutional challenges to the statues under which they are convicted, by means of a petition for writ of habeas corpus. And under the doctrines established by *Heck* and *Preiser*, a § 2254 action is the proper, and exclusive, federal remedy for Nail to challenge the statute under which he has been convicted as void for vagueness.

Therefore, the court DENIES the petitioner's motion for declaratory judgment (DE 23), DENIES his motion for leave to amend (DE 24), and DISMISSES this petition pursuant to 28 U.S.C. § 1915A(b)(1) without prejudice to the petitioner's right to raise his claims under the Indiana Constitution in state court and without prejudice to his right to raise his Federal Constitutional claims in a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, after exhausting his state court remedies.

SO ORDERED on November 6, 2008.

S/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE